DUCKER, JUDGE:
The Chesapeake and Potomac Telephone Company of West Virginia claims damages in the amount of $3,856.86 allegedly caused by the West Virginia Department of Highways through its contractor, Bayless & Ramey, Inc., in the work of the latter in the installation of traffic control signals at the intersection of U.S. Route 60 and Smith Street in the town of Milton, Cabell County, West Virginia. The contractor proceeded with its work without knowledge of the underground cable conduits of the claimant and in doing so bored through one of the telephone wire cables, necessitating repairs which cost the amount alleged.
On March 14, 1957 the claimant made application to the respondent pursuant to Section 6, Article 15, Chapter 17 of the Code of West Virginia, for a permit to enter upon and under U.S. Route 60 at said place for the purpose of placing underground conduits beginning at the southwest corner of Pike Street and continuing in an easterly direction along Route 60 for a distance of approximately 707 feet, and on March 26, 1957 the.application was approved in behalf of respondent by the District Engineer of District Two. Prior to October 9,1971 the firm of Bayless & Ramey, Inc., electrical contractors, was awarded a contract by respondent to install traffic signal control devices along the same portion of Route 60 as claimant had earlier placed its underground conduits.
The contractor was provided by respondent with a construction plan or print covering the construction which, although appearing to be sufficiently complete for the purpose, contained no reference to or information about the claimant’s conduits at that place. So without knowledge of the existence of the conduits, one of claimant’s cables in the conduit was cut by the contractor in the progress of his work.
*26 Respondent does not deny the facts alleged and proven by claimant except to say claimant’s manhole was adequately marked, and to say it has nothing in its files in regard to the permit issued to claimant or in regard to the existence of the conduits. The claimant filed complete copies of its application, permit and drawing accompanying the application and permit, showing exactly where the conduits were to be placed, and proved that the conduits were placed in accordance with the permit. Evidently the respondent had lost or misplaced its records as to the permit and the conduits.
The respondent first moved to dismiss this claim on two grounds, namely, first, that the facts do not show a breach of duty on the part of the respondent, and secondly, that according to Regulation No. 9 of the respondent in respect to the permit issued by the respondent to an applicant and under the provisions of Paragraphs Nos. 5 and 10 of the permit, the .claimant has waived any right to damages, said Regulation No. 9 and paragraphs 5 and 10 being in the following language:
“9. It is understood and agreed that the issuance of a permit under these or any other regulations to any applicant therefor does not, in any event, impose upon the State Road Commission any responsibility or liability for damages which may be incurred by the applicant by reason of the location of the pole lines within the right of way limits of the state road, whether such damages may be the result of injury to the line caused by passage of State Road Commission equipment thereunder or otherwise.”
“5. The State Road Commission will not assume any liability for damage to the proposed work by reason of construction or maintenance work on the road in question.”
“10. The applicant, his heirs or assigns, shall repair, in a manner satisfactory to the Commission or its duly authorized agents, all damage done to the State Roads by reason of the work authorized by the permit, and all damage that may result therefrom and agrees to save the State Road Commission harmless from any damage or recourse whatsoever arising from the permission granted under this permit.”
We are of the opinion that the provisions of Regulation No. 9 are intended to eliminate any responsibility or liability on the part of the respondent for damages which the applicant may suffer from traffic or road equipment passing on the right of way over the *27 conduit line, and not for damages of the nature here involved, and that Paragraphs 5 and 10 of the permit are intended to release the respondent only from liability for damages which the claimant itself might cause to the road by reason of claimant’s own work. Furthermore, the provisions of paragraph 10 to save the respondent harmless from any damage or recourse whatsoever arising from the permission granted under this permit is so self-serving in its attempt to release the respondent from its own negligence or the negligence of its agents as to be contrary to public policy and, therefore, invalid. For these reasons the motion of respondent to dismiss the claim and for this Court to enter a summary judgment in its favor was and is denied; and the consideration of the claim is now heard upon its merits.
Respondent contends the manhole into which the damaged conduit entered was not sufficiently marked to indicate its location to the contractor and that consequently the claimant was guilty of contributory negligence. Witnesses for the claimant testified that the manhole cover had lettering of the utility’s initials on it, although how clearly the cover was visible is not clear. We are of the opinion that regardless of any positive evidence as to that question, the respondent gave the claimant ample authority to place its conduit in the right of way according to the plan and design contained in the application and permit.
Considerable testimony was taken as to the distance from the line of the conduit from the southern boundary of a brick building located on the northeast corner of U.S. Route 60 and Smith Street and as to the distance from the line of said building to the right of way line of Route 60. The proof was that the first distance was 19'3" and the second 3' or 4', all of which showed that the conduit line was within the right of way and wholly in accordance with the print or plan which was made a part of the application made by claimant and the permit granted to it by the respondent.
We are of the opinion that the claimant had the right under the permit to have and maintain its telephone and conduit lines located in the Route 60 right of way and that it was not guilty of contributory negligence, that it was the duty of the respondent to notify its contractor of the existence of the conduit and lines, that the lack of records on the part of the respondent is the latter’s own fault and is no defense to this claim, and that the claimant is entitled to recover for the damages done by respondent’s agent, and we, therefore, award the claimant the sum of $3,856.86.
Award of $3,856.86.